**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

WILLIAM AGAKE,

      Petitioner,

  vs.

TODD BLANCHE, *et al.*,[1]

      Respondents.

Case No.: 2:26-cv-01030-GMN-MDC

**ORDER GRANTING, IN PART, PETITION FOR WRIT OF HABEAS CORPUS**

Pending before the Court is Petitioner William Agake's Amended Petition for Writ of Habeas Corpus, (ECF No. 8). Federal Respondents Michael Bernacke, Todd Blanche, Todd Lyons, Markwayne Mullin, and Kerri Ann Quihuis filed a Response, (ECF No. 13).[2] Petitioner filed a Reply, (ECF No. 14). For the reasons discussed below, the Court GRANTS, in part, and DENIES, in part, the Amended Petition.

## I. BACKGROUND

Petitioner is a citizen of Sudan. (Am. Pet. 4:2, ECF No. 8). In the early 2000's, he fled with his family to Egypt to escape genocide. (*Id.* 6:8–9). He was lawfully admitted to the United States as a refugee in 2020. (*Id.* 6:9–11); (I-213 at 2, Ex. 1 to Fed. Resp., ECF No. 13-1). In August 2025, Petitioner completed a custodial sentence in Utah for a probation violation. (Am. Pet. 6: He was arrested by ICE following his release on August 28, 2025. (*Id.* 6:11–12). On December 22, 2025, an Immigration Judge ("IJ") issued an order of removal, ordering Petitioner removed to South Sudan, or in the alternative, Sudan. (Removal Order at 1, Ex. 1 to

---

[1] The Amended Petition lists Johns Mattos, Michael Bernacke, Todd Blanche, Todd Lyons, Markwayne Mullin, and Kerri Ann Quihuis as Respondents. The Clerk of Court is therefore kindly directed to update the docket and the case caption to reflect the parties named in the Amended Petition.

[2] Respondent John Mattos filed a separate Response, (ECF No. 11), indicating that he has no independent authority to release Petitioner, and thus takes no position on the relief sought.

Fed. Resp., ECF No. 13-1).  According to the EOIR Automated Case Information available on the date of this Order, the Board of Immigration Appeals did not receive an appeal of Petitioner's Removal Order and the time to file one has passed.[3]  With this Amended Petition, Petitioner seeks immediate release from ICE detention.

## II.   LEGAL STANDARD

### A.  Habeas Petitions

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).  A district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

### B.  Statutory Detention Scheme

When the Government wants to remove an individual, the normal path is through removal proceedings, requiring an evidentiary hearing before an IJ. 8 U.S.C. § 1229a. Removal proceedings determine not only whether an individual may be removed from the United States but also to where he may be removed.  In the first instance, the noncitizen is entitled to select a country of removal. *Id.*; 8 U.S.C. § 1231(b)(2)(A); 8 C.F.R. § 1240.10(f).  If

---

[3] The Court takes judicial notice of the information on Petitioner's EOIR Automated Case Information page because it may take judicial notice of information posted on official government websites. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–999 (9th Cir. 2010); Fed. R. Evid. 201 (allowing a court to take judicial notice of a fact not subject to reasonable dispute in that it is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned).

the noncitizen does not do so, the IJ will designate the country of removal and may also designate alternative countries. 8 C.F.R. § 1240.10(f).

Meanwhile, the noncitizen is also entitled to seek various protections, including asylum, statutory withholding of removal, and Convention Against Torture ("CAT") protections. 8 C.F.R. § 1240.11(c)(1).  Some of these protections are discretionary. *See e.g.*, 8 U.S.C. § 1158; 8 C.F.R § 208.2.  Others are mandatory, meaning that protection must be given if the conditions are met.  Withholding of removal is a mandatory form of protection preventing deportation to the country or countries where an IJ finds that the individual is more than likely to be persecuted. *See* 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 208.16; *see also Moncrieffe v. Holder*, 569 U.S. 184, 187 n.1 (2013) ("[T]he Attorney General has no discretion to deny relief to a noncitizen who establishes his eligibility [for withholding of removal or CAT protections].").  CAT protection is a mandatory protection against deportation to a country where the IJ finds that the individual is likely to be tortured. *Andrade v. Garland*, 94 F.4th 904, 914 (9th Cir. 2024).

## III.   **DISCUSSION**

Petitioner argues that he is entitled to habeas relief on four grounds: (1) his continued indefinite detention violates his Fifth Amendment right to due process because his removal is not reasonably foreseeable; (2) Petitioner's continued detention violates the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(a)(6); (3) ICE's current policy and procedures relating to third-country removals violates Petitioner's right to due process and violates the Administrative Procedure Act ("APA"); and (4) Petitioner's detention in immigration custody under recent ICE policy regarding third country removal violates his Fifth Amendment due process rights.  The Court considers each ground for relief in turn, but must first address Federal Respondents' jurisdictional arguments.

### A.      Jurisdiction

Federal Respondents argue that this Court lacks jurisdiction under 8 U.S.C. §§ 1252(g) and (b)(9) to consider Petitioner's habeas petition.  This Court already rejected these same "copy and paste" arguments several times, including in *Hernandez-Luna v. Noem*, No. 2:25-CV-01818-GMN-EJY, 2025 WL 3102039, at *2 (D. Nev. Nov. 6, 2025), *Alverez Guerra v. Blanche, et al.*, No. 2:26-CV-00498-GMN-MDC, 2026 WL 949027 *2–4 (D. Nev. Apr. 7, 2026), and *Zarate v. Blanche*, No. 2:26-CV-00320-GMN-MDC, 2026 WL 1005872, at *2 (D. Nev. Apr. 14, 2026).[4]  Federal Respondents fail to offer any meaningful basis for why the Court's previous analysis does not preclude their arguments here.  The Court again concludes that 8 U.S.C. §§ 1252(g) and (b)(9) do not strip this Court of jurisdiction over this Amended Petition.[5]

### B.      *Zadvydas* Claim

Under the Due Process Clause of the Fifth Amendment to the United States Constitution, no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V.  The Supreme Court has held that "the Due Process Clause protects [a noncitizen] subject to a final order of deportation." *Zadvydas*, 533 U.S. at 693–94.

---

[4] Not only has this Court rejected Federal Respondents' jurisdictional arguments under §§ 1252(g) and (b)(9) pertaining to petitioners seeking review of prolonged detention and denial of bond hearings, but these same arguments have also been rejected by every judge in this District and are unsupported by binding Ninth Circuit and Supreme Court precedent. *See Rodriquez v. Mullin, et al.*, No. 2:26-CV-00531-APG-NJK, 2026 WL 895685 (D. Nev. Apr. 1, 2026) (Chief Judge Gordon); *Maldonado Vazquez v. Feeley*, 805 F. Supp. 3d 1112 (D. Nev. 2025) (Judge Boulware); *Sarkisov v. Blanche, et al.*, No. 2:25-CV-02321-JAD-DJA, 2026 WL 949019 (D. Nev. Apr. 8, 2026) (Judge Dorsey); *Hernandez v. Mullin, et al.*, No. 3:26-CV-00219-ART-CSD, 2026 WL 937393 (D. Nev. Apr. 7, 2026) (Judge Traum); *Portillo v. Bondi*, No. 2:26-CV-00155-CDS-NJK, 2026 WL 800710 (D. Nev. Mar. 23, 2026) (Judge Silva); *Gallardo, Petitioner v. Mullin, et al.*, No. 2:26-CV-01135-MMD-MDC, 2026 WL 1229083 (D. Nev. May 5, 2026).  As another court has stated, these jurisdictional arguments "beggar[ ] belief and appear[ ] to deliberately mislead the Court about the law." *Rivero v. Mina*, 817 F. Supp. 3d 1278, 1283 (M.D. Fla. 2026).

[5] Although not argued by Respondents, and discussed in more detail in Section III.C, the Court *sua sponte* determines that it lacks jurisdiction to consider one of Plaintiff's requested forms of relief.

In *Zadvydas*, the Supreme Court held that the INA does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal. *Id.* at 699.

The authority of ICE to detain noncitizens under federal law derives from 8 U.S.C. § 1231, which directs the Attorney General of the United States to affect the removal of any noncitizen from this country within 90 days of a final order of removal. 8 U.S.C. § 1231(a)(1). The removal period begins on the latest of three dates: (1) the date the order of removal becomes "administratively final," (2) the date of the final order of any court that entered a stay of removal, or (3) the date on which the [noncitizen] is released from non-immigration detention or confinement. 8 U.S.C. § 1231(a)(1)(B).  During the removal period, detention is mandatory. 8 U.S.C. § 1231(a)(2).  Under § 1231, the removal period may be extended beyond 90 days for a variety of reasons including a determination by DHS that "removal is not practicable or proper." *Id.*

Because "[a] statute permitting indefinite detention . . . would raise a serious constitutional problem," the Supreme Court has "read an implicit limitation" into the statute and has held that a noncitizen may only be detained for "a period reasonably necessary" to effectuate their removal. *Zadvydas*, 533 U.S. at 689, 690.  When a removable noncitizen is detained beyond this reasonable time and "removal is not reasonably foreseeable, the court should hold continued detention unreasonable." *Id.* at 699.  The Supreme Court adopted a six-month period of presumptive reasonableness after the removal order is final and confirmed that "[a noncitizen] may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701.  The Court further determined that "after this 6–month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.  If the

Government fails to meet its burden, then the noncitizen must be released from detention. *See Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018).

### 1. Rebuttable Presumption

Federal Respondents argue that the Amended Petition should be denied because Petitioner has not yet been detained for six months. (Fed. Resp. 10:6–8). As another judge in this district has explained, in *Zadvydas*, the Supreme Court adopted this six-month "presumption" to "guide lower court determinations." *Alkarori v. Nevada S. Det. Ctr.*, No. 2:25-CV-02567-MMD-MDC, 2026 WL 266756, at *2 (D. Nev. Feb. 2, 2026) (quoting *Zadvydas*, 533 U.S. at 701)). But that presumption did not create a bright line rule that would "automatically authorize all detention until it reaches constitutional limits." *See Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020). Indeed, in *Vijdani v. Mattos, et al.*, this Court joined many other district courts and found that the six-month presumption in *Zadvydas* is rebuttable and therefore does not foreclose claims challenging detention less than six months. No. 2:25-CV-02496-GMN-EJY, 2026 WL 560209, at *3–4 (D. Nev. Feb. 27, 2026). The Court adopts its discussion of this issue in *Vijdani* here.

Petitioner here has been detained with a final order of removal since December 22, 2025—approximately five months. Therefore, Petitioner's 90-day post-removal period has passed, and if Petitioner can demonstrate that there is no significant likelihood of removal in the reasonably foreseeable future, he is eligible for release under supervision.

### 2. Likelihood of Removal

Petitioner demonstrates there is no significant likelihood of removal in the reasonably foreseeable future and Respondents fail to respond with evidence sufficient to rebut that showing. Petitioner has a final order of removal to South Sudan, or in the alternative, Sudan, his home country. (Removal Order at 1, Ex. 1 to Fed. Resp.). But he alleges that he is unaware of specific plans to deport him, (Am. Pet. 17:15–16), and has yet to speak with either country's

consulate, (Reply 2:9, ECF No. 14). He further contends that there is no evidence that South Sudan has accepted him nor is there evidence that either Sudan or South Sudan will issue him travel documents. (Reply 6:5–7). These allegations provide "good reason to believe that there is no significant likelihood of removal" to Sudan or South Sudan in the reasonably foreseeable future. *Zadvydas*, 533 U.S. at 701. These facts are thus sufficient to satisfy Petitioner's initial burden.

Respondents wholly fail to respond to Petitioner's arguments regarding the reasonable foreseeability of his removal. They therefore fail to rebut the showing that there is no significant likelihood of removal in the reasonably foreseeable future.

In sum, Petitioner demonstrates there is no significant likelihood of removal in the reasonably foreseeable future and Respondents fail to respond with any argument to rebut this showing. The Court therefore finds Petitioner's continuing detention violates the Due Process Clause of the Fifth Amendment.[6]

## C. Third Country Removal Policy

Petitioner contends that ICE's policy of removing noncitizens to a third country with no notice or opportunity to seek fear-based protection violates his due process rights and constitutes arbitrary and capricious agency action in violation of the APA. (Am. Pet. 18:10–13). Petitioner requests that the Court "[p]rohibit Respondents from removing [him] to a third country—including South Sudan—without providing Petitioner and Petitioner's counsel with adequate notice of intent to seek removal to a third country and due process in the form of an opportunity to seek to reopen Petitioner's immigration court proceedings to seek fear-based relief from removal." (Am. Pet. 20:14–19).

---

[6] Because the Court finds Petitioner is entitled to his sought-after relief, immediate release, on his claim that his continued detention violates his due process rights, the Court need not reach his argument that his continued detention violates the INA (Ground 2).

As the Court has previously found in *Cavieres Gomez v. Mattos*, No. 2:25-cv-00975-GMN-BNW, 2025 WL 3101994 at *6–7 (D. Nev. Nov. 6, 2025), Petitioner has a due process right to receive meaningful notice and opportunity to present a fear-based claim to an immigration judge before DHS deports him to a third country. "Immigration proceedings must provide the procedural due process protections guaranteed by the Fifth Amendment." *Vilchez v. Holder*, 682 F.3d 1195, 1199 (9th Cir. 2012) (citing *Lacsina Pangilinan v. Holder*, 568 F.3d 708, 709 (9th Cir. 2009)). "A 'noncitizen must be given sufficient notice of a country of deportation that, given his capacities and circumstances, he would have a reasonable opportunity to raise and pursue his claim for withholding of deportation.'" *Nguyen v. Scott*, 796 F. Supp. 3d 703, 727 (W.D. Wash. 2025) (quoting *Aden v. Nielsen*, 409 F. Supp. 3d 998, 1009 (W.D. Wash. 2019) (citing *Mathews v. Eldridge*, 424 U.S. 319, 349 (1976)). "[I]ndividuals whose rights are being determined are entitled to notice of the issues to be adjudicated, so that they will have the opportunity to prepare and present relevant arguments and evidence." *Andriasian v. I.N.S.*, 180 F.3d 1033, 1041 (9th Cir. 1999). "In the context of country of removal designations, last minute orders of removal to a country may violate due process if an immigrant was not provided an opportunity to address his fear of persecution in that country." *Najjar v. Lynch*, 630 F. App'x 724, 725 (9th Cir. 2016) (non-precedential memorandum disposition). The Court therefore grants Petitioner's request to prohibit Respondents from removing Petitioner to a third country not listed on his final order of removal without providing him and his counsel with adequate notice of intent to seek removal to a third country and due process in the form of an opportunity to seek to reopen Petitioner's immigration court proceedings to seek fear-based relief from removal.[7] But the Court does not grant Petitioner's request to prohibit Respondents from removing him to South Sudan.

[7] Because the Court finds that Petitioner puts forth a successful argument under the Fifth Amendment right to due process, it need not determine whether the stated policy violates the APA. Moreover, the Court need not address ground four of Petitioner's Amended Petition.

Petitioner has a final order of removal to South Sudan, and in the alternative, Sudan. (Removal Order at 1, Ex. 1 to Fed. Resp.).  Per 8 U.S.C. § 1252(g), "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any [noncitizen]." 8 U.S.C. § 1252(g) (emphasis added).  In asking this Court to prohibit his removal to South Sudan, a country listed on his final order of removal, Petitioner is essentially seeking relief from the execution of his final order of removal.  He asks the Court to enjoin respondents from removing him to South Sudan—or in other words, enjoin "action by the Attorney General to . . . execute removal orders against [him]." *Id.*  Congress has explicitly precluded the Court's review of this requested relief.

### D.    Relief

Petitioner requests that he be released immediately. (Am. Pet. 20:11).  The remedy for a *Zadvydas* claim is generally release of the habeas petitioner under conditions of supervision. *Zadvydas* explains that "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 699–700.  It further provides that the noncitizen's "release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the [noncitizen] may no doubt be returned to custody upon a violation of those conditions." *Id.* at 700.  Moreover, when a court considers a due process claim, it may tailor relief to the specific problem that gives rise to the due process violation. *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).  Because the Court holds that Petitioner's continued detention violates the Fifth Amendment based on the analytical framework provided in *Zadvydas*, the Court finds that Petitioner's release, under reasonable terms of supervision as set for in 8 U.S.C. § 1231(a)(3) and 8 C.F.R. § 241.5(a), is warranted. *See Zadvydas*, 533 U.S. at 699–700.  Respondents are prohibited from imposing release conditions that substantially interfere with Petitioner's liberty,

such as location monitoring, without having established the reasonableness of those restrictions, by clear and convincing evidence, at a pre-deprivation hearing.  Moreover, for the reasons discussed above, Respondents are prohibited from removing Petitioner to a third country not listed on his final order of removal without providing him and his counsel with adequate notice of intent to seek removal to a third country and due process in the form of an opportunity to seek to reopen Petitioner's immigration court proceedings to seek fear-based relief from removal.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that Petitioner's Amended Petition for Habeas Corpus Relief under 28 U.S.C. § 2241, (ECF No. 8), is **GRANTED, in part,** and **DENIED, in part**.

**IT IS FURTHER ORDERED** that Petitioner must be released from detention by **May 22, 2026, at 4 p.m.**, subject to reasonable terms of supervision as set for in 8 U.S.C. § 1231(a)(3) and 8 C.F.R. § 241.5(a).  Respondents are prohibited from imposing release conditions that substantially interfere with Petitioner's liberty, such as location monitoring, without having established the reasonableness of those restrictions, by clear and convincing evidence, at a pre-deprivation hearing.

**IT IS FURTHER ORDERED** that Respondents' counsel must notify Petitioner's counsel in writing of the location, date, and approximate time of Petitioner's release in advance of said release.  At minimum, Respondents must notify Petitioner's counsel as soon as Petitioner is released from NSDC and being transported to the ERO office.

**IT IS FURTHER ORDERED** that Respondents must return Petitioner's personal property upon his release.

**IT IS FURTHER ORDERED** that the parties must file a **JOINT** Status Report by **May 23, 2026**, to certify compliance with the Court's Order.

**IT IS FURTHER ORDERED** that Respondents are enjoined from re-detaining Petitioner in the future absent proof of changed circumstances making his removal reasonably foreseeable.

**IT IS FURTHER ORDERED** that Respondents are enjoined from removing Petitioner to a third country not designated on his order of removal without providing Petitioner with adequate notice of intent to seek removal to a third country and due process in the form of an opportunity to seek to reopen Petitioner's immigration court proceedings to seek fear-based relief from removal.

The Amended Petition lists Johns Mattos, Michael Bernacke, Todd Blanche, Todd Lyons, Markwayne Mullin, and Kerri Ann Quihuis as Respondents.  The Clerk of Court is therefore kindly directed to update the docket and the case caption to reflect the parties named in the Amended Petition.

The Clerk of Court is kindly directed to **SEAL** the IFP Application, (ECF No. 1), Petition, (ECF Nos. 1-1, 4), and Motion for Appointment of Counsel, (ECF No. 1-2), due to the sensitive information contained therein.  The Clerk of Court is further directed to **FILE** the redacted versions of the IFP Application, Petition, and Motion for Appointment of Counsel on the docket.

Counsel for Respondents are directed to immediately provide notice of this Order to the parties they represent.

**DATED** this __21__ day of May, 2026.

_____

Gloria M. Navarro, District Judge
United States District Court